IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 JAN 12 PM 2:58
DEPUTY CLERK

| | | |
|---|---|---|
| DARYL SHEARS, (BOP # 35967-086), | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-032-P-BL |
| MYRON BATTS, Warden, | § § | |
| Respondent. | § | Assigned to U.S. Magistrate Judge |

### REPORT AND RECOMMENDATION

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

Petitioner Daryl Shears, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. By Order dated October 2, 2015, this Court directed Petitioner to file an Amended Petition on the § 2241 form provided by the Clerk of Court, within thirty (30) days. The envelope containing Petitioner's copy of that order was returned to the Clerk of Court, stamped "Return to Sender-Refused-Unable to Forward." But Petitioner Shears has not updated his address of record with the Court. When this suit was filed, the Court issued a document entitled "Instructions to a Prisoner *Pro Se* Plaintiff," which included the notice: "Address change - You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written notice of address in your case." (doc. 3.) The October 2, 2015 Order specifically admonished Petitioner that his failure to timely comply with the order could by filing an amended petition or notifying the Court of any change of address in writing, would result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because petitioner Shears has failed to keep the Court apprised of his current address as required by the local rules, *see* N. D. Tex. Civ. R. 83.13 and 83.14, and in direct conflict with the instructions provided to him, he has failed to comply with the order of October 2, 2015, and it appears that he no longer desires to pursue his claims in this cause.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Civil Action No. 1:15-CV-032-P-BL be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file

specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

Dated _January 12_, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE